WALDEN *v.* BERRY.

Opinion delivered June 12, 1922.

TRIAL—INSTRUCTIONS FOREIGN TO ISSUE.—Where the gist of an action
was deceit and fraud of defendant in the sale of hogs to plaintiff,
and all the evidence was directed to that issue, it was proper to
refuse instructions regarding the good faith due from an agent
to his principal.

Appeal from Madison Circuit Court; *W. A. Dickson,* Judge; affirmed.

*W. N. Ivie,* for appellant.

*J. S. Combs,* for appellee.

HUMPHREYS, J. This suit was brought in the Madison
County Circuit Court, by appellant against appellee, to
recover $100.75 alleged to have been overpaid by appel-
lant to appellee in a hog transaction, through the de-
ceit and fraud of appellee in misrepresenting the number
of hogs which would weigh one hundred pounds, as well
as the total weight of the hogs. It was alleged in the
complaint that appellee agreed to buy a lot of hogs for
appellant and deliver them to him at the railroad stock
yards in Eureka Springs, at twelve cents per pound for
all hogs that weighed over one hundred pounds, and
eleven cents per pound for all that weighed less than one
hundred pounds; that on the false representations of
appellant that half of the hogs delivered weighed more
than one hundred pounds each, and all weighed 5,855
pounds, appellant paid appellee eleven and one-half
cents per pound for the entire lot, to his damage in the
sum of $29.27; that on the false representation of ap-
pellant that the lot of hogs weighed 5,855 pounds, when
in fact they weighed only 5,255 pounds, he was induced
to overpay him $71.50, and thereby was defrauded out
of said sum.

Appellee filed an answer admitting the contract but
denying that he misrepresented the total weight of the
hogs delivered to appellant or the number of hogs in the
lot which would weigh over one hundred pounds each.

The cause was submitted upon the pleadings, evidence, and instructions of the court, which resulted in a verdict and judgment for appellee, from which an appeal has been duly prosecuted to this court.

The testimony was directed to the issues of whether appellee misrepresented the total weight of the lot of hogs, and the number in the lot which would weigh more than one hundred pounds, thereby inducing appellant to pay him $100.75 more than he should have done. The testimony responsive to the issues was in conflict. The court instructed the jury, in substance, to find for appellant if fifty per cent. in weight of the lot of hogs did not weigh one hundred pounds or more each, as represented by appellee; also, if the total weight of the hogs was less than 5,855 pounds, represented by appellant to be their correct weight, giving the rule or measure of recovery in the event they found for appellant on either or both issues. The instruction was concrete and clearly defined the issues presented by the pleadings and testimony. As we construe the pleadings and testimony, the only issues joined were, whether appellee induced appellant to overpay him for the hogs, through deceit as to their total weight, or as to the number which weighed over one hundred pounds each.

Appellant sought, by two instructions requested and refused by the court, to inject into the case the good faith and loyalty due from an agent to his principal in the transaction of business for him, and an agent's responsibility for his misconduct which operates to the injury of his principal. We do not think the doctrine of agency invoked has any application in the instant case. The gist of the complaint is for a recovery on account of alleged misrepresentations concerning the total weight of a lot of hogs and the number weighing over a hundred pounds. The claim was not bottomed upon the unfaithfulness, disloyalty, or misconduct of appellee as an agent, but upon specific allegations of deceit and fraud. All the testimony was directed to the issue of de-

ceit and fraud, and not to duties growing out of any fiduciary relationship existing between appellant and appellee. We think the instructions asked and refused announced doctrines governing between principal and agent entirely foreign to the issues involved in this case. It was proper therefore to refuse to give them.

No error appearing, the judgment is affirmed.

HART, J., dissenting.